UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OUSMAN CHAM,<br>Plaintiff, | : | |
| v. | : | C.A. No. 08-326 |
| STATION OPERATORS, INC.<br>Defendant. | : | |

**ANSWER**

Defendant Station Operators, Inc. ("Defendant") responds to the allegations set forth in the Verified Complaint as follows:

1. Defendant admits that it employed Plaintiff Ousman Cham ("Plaintiff"). Defendant lacks sufficient information or knowledge to form a belief as to the truth of Plaintiff's allegations regarding his residence. To the extent the allegations contained in Paragraph 1 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that it is a corporation organized under the laws of the State of Delaware, registered to do business in Rhode Island under the name ExxonMobil CORS, and employs more than four employees at its location in Smithfield, Rhode Island. To the extent the allegations contained in Paragraph 2 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 2.

**Jurisdiction**

3. To the extent the allegations contained in Paragraph 3 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3.

4. To the extent the allegations contained in Paragraph 4 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.

5. Defendant denies that it engaged in unlawful employment practices. To the extent the allegations contained in Paragraph 5 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 5.

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendant denies that it engaged in unlawful discrimination. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding the damages Plaintiff seeks. To the extent the allegations contained in Paragraph 7 state conclusions of law, no responsive pleading is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits that it received a Notice of Right to Sue letter from the Rhode Island Commission for Human Rights, dated February 7, 2008. Defendant lacks information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

**Allegations Common to All Causes of Action**

10 (sic). Defendant admits the allegations contained in the second Paragraph numbered 10.

11. Defendant admits that Plaintiff resigned his employment on May 20, 2005. Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant denies that it undertook acts of discrimination. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant admits that Cham called his manager requesting medical leave paperwork and answers further that Plaintiff's manager did not have access to the requested paperwork, but forwarded Plaintiff's request to Defendant's Human Resources Department. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning whether Plaintiff ever received such paperwork.

20. Defendant admits that Plaintiff's manager directed him to call the Human Resources Department concerning complaints about medical leave paperwork.

21. Defendant denies that Plaintiff's manager could have provided him with the medical leave paperwork. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegation contained in Paragraph 26.

27. Defendant denies the allegation contained in Paragraph 27.

28. Defendant denies the allegation contained in Paragraph 28.

29. Defendant denies the allegation contained in Paragraph 29.

30. Defendant denies the allegation contained in Paragraph 30.

31. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant lacks information or knowledge sufficient to form a belief as to Plaintiff's communications with the "Rhode Island Department of Labor." Defendant denies the remaining allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant admits that Plaintiff called 911 for assistance on May 18, 2005. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47. Defendant lacks information and knowledge sufficient to for a belief as to the truth of the allegations regarding the length of Plaintiff's hospitalization. Defendant denies the remaining allegations contained in Paragraph 47.

48. Defendant admits that Plaintiff resigned from his employment on May 20, 2005. Defendant denies the remaining allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

**First and Second Causes of Action**

***RIGL § 28-5-1, et seq. and § 42-112-1 et seq. &
Title VII of the Civil Rights Act of 1964***

53. Defendant repeats and incorporates by reference its response to Paragraphs 1 through 52.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

**Affirmative Defenses**

First Defense

The Complaint fails to set forth a claim upon which relief may be granted.

Second Defense

Plaintiff was not the subject of any adverse employment action.

Third Defense

Plaintiff did not perform his job in a satisfactory manner.

Fourth Defense

Defendant acted at all times in good faith with respect to Plaintiff.

Fifth Defense

Plaintiff voluntarily severed his relationship with Defendant.

Sixth Defense

Plaintiff did not engage in any protected conduct.

Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Eighth Defense

Defendant maintains reasonable policies against discrimination and harassment and Plaintiff unreasonably failed to utilize the complaint procedure in the policy or to otherwise prevent the harm about which he now complains in this lawsuit.

Ninth Defense

Plaintiff's claims are barred, in whole or in part, because he has failed to exhaust his administrative remedies.

Tenth Defense

Plaintiff has failed to mitigate his damages.

WHEREFORE, Defendant respectfully requests that the Court:

1. Dismiss the Complaint against it with prejudice;

2. Enter judgment in its favor against Plaintiff on all counts;

3. Award Defendant its costs and reasonable attorney's fees incurred in defending this action; and

4. Award Defendant such other and further relief as the court may deem just and appropriate.

STATION OPERATORS, INC.,
By its Attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

Dated: September 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of September, 2008, a copy of the within Answer was filed electronically and served electronically by operation of the Court's CM/ECF System upon the following counsel of record:

George E. Babcock, Esq.
1525 Old Louisquisett Pike
Lincoln, RI 02865

/s/ Neal J. McNamara______________________